FRANK GULDEN, as Trustee under the Last Will and Testament of CHARLES GULDEN, JR., Deceased, Appellant, v. TITLE GUARANTEE AND TRUST COMPANY, Respondent.— The action is to recover the purchase price of a guaranteed first mortgage certificate sold on February 16, 1931, by defendant to plaintiff, as trustee of the estate of Charles Gulden, Jr., deceased, upon the ground that the sale of the certificate was induced by defendant's misrepresentations that the mortgaged premises were improved with a three-story brick building containing stores and apartments for twelve families. After learning the representations were false plaintiff rescinded the purchase, tendered the certificate to defendant and demanded the repayment of the purchase price with interest, less interest received and interest on interest. Defendant admits plaintiff purchased the certificate, that the premises consisted of vacant land and that on October 9, 1935, plaintiff tendered the certificate and demanded repayment of the purchase price, with which demand it did not comply, and defendant denies the other allegations of the complaint. Defendant pleaded as a separate defense that since January, 1934, plaintiff has had actual knowledge of all the facts upon which he claims the right to rescind and plaintiff did not rescind the purchase or tender the certificate until October 9, 1935, and by his delay ratified and affirmed the purchase and is not entitled to rescind. The jury rendered a verdict in favor of plaintiff and the court, on a reserved motion, set aside the verdict and dismissed the complaint on the merits by the judgment appealed from, on the ground that the tender was insufficient and the plaintiff was guilty of laches. Judgment reversed on the law, with costs, motion denied, verdict reinstated, and judgment directed to be entered thereon. Appeal from order setting aside the verdict dismissed. There is no such order in the record. The learned trial court held the tender was insufficient because the certificate was not indorsed at the time it was admittedly tendered to defendant's officer at defendant's office. Even if indorsement were necessary, the tender was not rejected because the certificate was not indorsed. Nor was plaintiff guilty of laches. He discovered the fraud about August 1, 1934, and shortly thereafter sought the return of the purchase price and negotiated with defendant for the return of his money or the substitution of mortgages and cash for the certificate he purchased. When the negotiations proved fruitless he instituted an action in

equity seeking rescission. That action did not terminate until July 3, 1935, an l on October 9, 1935, plaintiff formally rescinded and physically tendered the certificate and on October 18, 1935, instituted the present action. In our opinion the tender was sufficient and, under the circumstances, plaintiff did not unreasonably delay in rescinding the contract. Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ., concur.